## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD. )<br><br>Plaintiffs )<br>v. )<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC. )<br><br>Defendants ) | Case No. _____<br><br>CASE IN OTHER COURT: *Motorola Solutions, Inc. et al v. Hytera Communications Corp. Ltd. et al*, Case No. 1:17-cv-1973 (N.D. Ill.) |

## MOTOROLA SOLUTIONS, INC. AND MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY MARCUS COMMUNICATIONS LLC AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Motorola Solutions, Inc. and Motorola Solutions Malaysia Sdn. Bhd. ("Motorola") hereby move the Court to compel third-party Marcus Communications LLC ("Marcus") to produce Mr. Bruce Marcus, founder, owner and Chief Technology Officer of Marcus, and the ██████████ of documents produced by Marcus in response to Motorola's subpoena, to testify in deposition regarding a single narrow topic highly relevant to Motorola's trade secrets misappropriation and copyright infringement suit against Hytera Communications Corporation Ltd., Hytera America, Inc., and Hytera Communications America (West), Inc. (collectively, "Hytera") in the Northern District of Illinois: the documents produced by Marcus in response to Motorola's subpoena, the circumstances surrounding them, and Marcus' communications with Hytera about issues relevant to this case.

## I. INTRODUCTION

The underlying lawsuit—involving claims that Hytera misappropriated Motorola's trade secrets and copied Motorola's copyrighted source code—is part of a series of intellectual property lawsuits brought by Motorola against Hytera, all stemming from Hytera's theft and subsequent use of thousands of Motorola's confidential documents and source code files related to the development of two-way radio technology. The theft is no longer a mere allegation: one Federal Administrative Law Judge, ALJ McNamara at the International Trade Commission ("ITC"), has already concluded (in finding that Hytera infringed several of Motorola's patents) that "there can be little doubt" that the "former Motorola engineers wrongfully copied and took with them to Hytera patented Motorola technologies."[1]  The present motion seeks to compel the deposition of Marcus, one of Hytera's key distributors in the U.S., and in particular its founder, owner and CTO Bruce Marcus, who has been in regular communication with not only ███████████ ██████████████████ and possesses highly relevant information to Motorola's case. Indeed, communications between Mr. Marcus ███████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████ suggest that ███████████████ ██████████████████████████████████ As just one example, in an email written by ██████████████████████████████████████████ ██████████████████ Moreover, ████████████████████████████████ ██████████████████████████ have refused to testify about their theft of materials

---

[1]  Inv. No. 337-TA-1053, *In the matter of Certain Two-Way Radio Equipment and Systems, related Software and Components thereof* (Public Initial Determination, August 2, 2018) at 206.

from Motorola, instead pleading the Fifth Amendment to avoid providing incriminating testimony, thus preventing Motorola from obtaining this discovery from another source. Yet, despite being properly served with a subpoena, having half of its costs associated with collecting and producing materials in response to Motorola's subpoena covered by Motorola through agreement, and Motorola's agreement to significantly narrow the scope of the deposition topics to a *single* topic that is narrowly focused on these highly relevant issues, Marcus now refuses to sit for a deposition without providing any cognizable reason for its refusal. That refusal is unwarranted and Marcus should be compelled to sit for a deposition on Motorola's single deposition topic.

## II.     FACTUAL BACKGROUND

### A.     Motorola Sues Hytera for Trade Secret Misappropriation and Copyright Infringement in the Northern District of Illinois

On March 14, 2017, Motorola filed suit against Hytera in the Northern District of Illinois (Case No. 1:17-CV-01973) for trade secret misappropriation related to the development of digital two-way radio technology (the "Trade Secret Case").[2] Motorola, which was founded in 1928 in Illinois (where it is currently headquartered), pioneered the two-way radio industry with its digital mobile radio ("DMR") product line known as MotoTRBO. Later, in 2008, Hytera lured away several Motorola senior radio engineers who were extensively familiar with Motorola's

---

[2]     On the same day, Motorola also filed a patent infringement complaint with the Northern District of Illinois regarding Hytera's infringement of seven patents covering digital two-way radio technology (the "Patent Case"). On March 29, 2017, Motorola filed a complaint in the ITC due to Hytera's infringement of the same seven patents at issue in the Patent Case. *See Certain Two-Way Radio Equipment and Systems, Related Software and Components Thereof*, Inv. No. 337-TA-1053 ("the ITC Proceeding"). On August 2, 2018, Hytera was found by the ALJ in the ITC to have infringed four of Motorola's patents and the ITC issued a Limited Exclusion Order ("LEO") and Cease and Desist Order ("CDO") on November 16, 2018, prohibiting Hytera from importing, selling, marketing, advertising, distributing, transferring (except for exportation), and soliciting U.S. agents or distributors for the accused products covered by three of the four patents.

technologies and intellectual property ("the Hytera Employees"), who then downloaded over 7,000 technical, marketing, sales, and legal documents, including source code, and brought those materials to Hytera. Hytera's two-way radio products, including those distributed by Marcus, use Motorola's confidential materials and source code to this day.

### B. Motorola Properly Subpoenaed Marcus, A Key Hytera Distributer With Direct Involvement In Aspects Of The Underlying Case

On November 30, 2018, Motorola served Marcus, a key Hytera distributor in the United States,[3] with a subpoena requesting production of documents and a deposition, seeking, among other things, communications between Marcus and Hytera relating to Motorola and Motorola DMR Products, Motorola trade secret information, Motorola copyrighted work, and the Trade Secret litigation.[4] Ex. 2. On December 28, 2018, Marcus served its objections to Motorola's subpoena and refused to produce *any* documents in response to Motorola's subpoena or to provide a witness for deposition. Ex. 3. Over the course of the next two months, Motorola extensively met and conferred with Marcus in an attempt to resolve Marcus' numerous objections without needing to raise this issue with the Court. *See, e.g.,* Ex. 4 (A. Freund Emails dated January 11, January 19, January 31, and February 10, 2019, and J. Nuttall Email dated January 29, 2019). As a result of that meet and confer process, on February 11, 2019, Marcus agreed to produce a substantially limited subset of documents ███████████████████████ Ex. 5 (R.

---

[3]   Ex. 1 (Marcus ITC Dep. Tr. at 104:24-106:16) ████████████████████████
     ████████████████ *see also*
     (https://www.youtube.com/watch?v=ywvX2NIZ6r8) (official video by Hytera America titled
     "Hytera, Marcus Communications, and the Longevity of Two-Way Technology").

[4]   Motorola subpoenaed fifteen Hytera distributors with the same set of document requests and
     deposition topics. Hytera's counsel, from the law firm Steptoe & Johnson LLP, represents all
     fifteen distributors, including Marcus, in responding to Motorola's subpoenas.

Kappers February 11, 2019 Email); Ex. 6 (R. Kappers letter of February 14, 2019) at 3 (identifying

███████████████████████████ of documents produced by Marcus). To alleviate the

burden on Marcus, Motorola agreed to share a substantial portion of the vendor costs associated

with the collection and production of materials, and to work with Marcus' counsel to amend the

agreed upon search terms used to collect the material, in case they capture large volume of non-

relevant documents. Ex. 4 (A. Freund January 19, 2019 Email). The parties agreed to discuss the

timing and scope of a deposition after Marcus substantially completed its production. *Id.* (A.

Freund February 10, 2019 Email). Despite that agreement, Marcus now refuses to produce any

witness for deposition. On March 25, 2019, the parties met and conferred regarding Motorola's

request for a deposition and Motorola proposed to narrow its deposition topics to a ***single*** narrow

topic:

> 1. The subject matter of the documents produced by Marcus Communications in
>    response to Motorola's subpoena, the circumstances surrounding them, and
>    Communications between Marcus Communications and Hytera.

During that meet and confer, Motorola further made clear that it was open to work with Marcus to

further narrow the scope of the deposition topic and to find a mutually agreed upon date for the

deposition. Ex. 7 (A. Freund March 25, 2019 Email). Despite Motorola's significant efforts to

minimize the burden on Marcus, Marcus refused to appear for deposition. Ex. 8 (R. Kappers March

27, 2019 Email). The parties met and conferred again on March 27, 2019, but Marcus maintained

its refusal to make Mr. Marcus available for a deposition and refused to engage in a meaningful

discussion about the scope of the topic, requiring Motorola to file this motion. Ex. 9 (A. Freund

March 27, 2019 Email); (J. Nuttall March 29, 2019 Email).

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding

a nonparty "to attend and testify" or to "produce designated documents." Fed. R. Civ. P. 45. The serving party, "[o]n notice to other parties and all affected persons,... may move for an order compelling disclosure or discovery," if a party who is served with discovery resists or objects to such discovery. Fed. R. Civ. P. 37(a)(1); *Care One Mgmt., LLC v. Connecticut*, No. 3:15-MC-00172 (CSH), 2017 WL 2662190, at *3 (D. Conn. 2017). "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded by the federal discovery rules, each [request] is not relevant or how each request is overly broad by submitting affidavits or offering evidence revealing the nature of the burden." *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005).

## IV.    ARGUMENT

### A.    This Court Should Order Marcus to Appear for Deposition

#### 1.    Marcus Possesses Information Highly Relevant to Motorola's Claims

Marcus Communications, by and through its founder, owner and CTO, Mr. Bruce Marcus, possesses unique information highly relevant to Motorola's trade secret misappropriation and copyright infringement claims against Hytera, as confirmed by discovery obtained to date.

*First*, Marcus, through its founder and owner Mr. Marcus, communicated directly with the ██████████████████████████████████████ and has substantial awareness of ████████ ███████████████ For example, in a ███████████████, commenting on a ██████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ Ex. 10 (MARC0000265). Communicating with these individuals that █████████████████████████ ████████████████████████████ which is exactly what Motorola alleges Hytera has done in the underlying action. Ex. 11 (HYT1973-003649278) (stating: ████████████

██████████████████████████████████████████ *Id.* at 2; *see also* Ex. 12 (MARC0000874) (noting

████████████████████████████████████████████████████████████

█████████████ (emphases added).  Similarly, in a ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████ Ex. 13 (HYT1973-03655080) ██████████████████████████████████

████████████████████████████████████████████████████████████

█████████████ (emphases added); *see also* Ex. 14 (MARC0000079) (communicating with ████

██████████████████████████████████████████

*Second,* Marcus, through its founder and owner Mr. Marcus, ████████████████

████████████████████████████████████████████████████████████

███████████████████████████ For example, in a ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 15 (MARC0000076).

Similarly, in a ██████████████████████████████████████████████████████████

██████████████████████████████ Ex. 16 (HYT1973-03655414); *see also* Ex. 11

(HYT1973-003649278) █████████████████████████████████████████████████

████████████████████████ Further, Mr. Marcus provided his ████████████████████

███████████████████████, an issue relevant to Motorola's damages claims in the underlying

case.  Ex. 16 (HYT1973-03655414) ██████████████████████████████████████████

█████████████████████████████████ (emphasis added).

*Finally*, documents produced so far indicate Mr. Marcus was ██████████████████



For example, Mr. Marcus

; (Ex. 17

(MARC0000792));

; (Ex. 18 (MARC0000907)); (Ex. 19 (MARC0000762)); and

Ex. 20

(MARC0000795).

### 2. Appearing for Deposition Does Not Unduly Burden Marcus, Who Uniquely Possesses Information Highly Relevant To The Litigation

Marcus has not articulated any cognizable reason for refusing to appear for deposition. Instead, in response to Motorola's proposal to narrow the scope of the deposition topics to a single topic, Marcus' counsel responded that Motorola's proposal included "two separate 'topics' (one new and one old)," and that they "will not agree to [Motorola's] proposal and [] maintain our objections." Ex. 8 (R. Kappers March 27, 2019 Email). In a further meet and confer, Marcus refused to provide any counter proposal to Motorola's narrow topic and simply continued to refuse for a deposition, without providing any cognizable reason. Marcus' refusal is improper.

*First*, Marcus is not unduly burdened with a single deposition that covers one single narrow topic, which essentially focuses on the documents produced by Marcus in response to Motorola's subpoena. Motorola is willing to conduct the deposition in any reasonable location convenient for Marcus and at a mutually agreed upon date.

*Second*, any burden imposed on Marcus is substantially outweighed by the substantial need for such discovery, as the documents produced by Marcus confirm that it uniquely possesses highly relevant information not obtainable from another source that is more convenient, less burdensome,

or less expensive—including because ████████████████████████████████████████

████████████████████████████████ have refused to answer deposition questions based

on their Fifth Amendment right against self-incrimination. *Klein*, 228 F.R.D. at 422. For example,

Mr. Marcus ████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████ *See, e.g.,* Ex. 11 (HYT1973-003649278);

Ex. 13 (HYT1973-03655080); Ex. 14 (MARC0000079). Although both of these Hytera

Employees were deposed by Motorola, during those depositions they pled the Fifth Amendment

and refused to answer more than 200 questions to avoid providing self-incriminating testimony

about their theft and use at Hytera of Motorola's confidential materials, precluding Motorola from

obtaining highly relevant factual testimony. Ex. 21 at 215 (ITC Public Initial Determination).

Further, during discovery in the underlying case, Hytera claimed that Messrs. Chia and Kok

refused to speak and cooperate with Hytera's counsel in that case, such that Hytera claimed it was

unable to provide complete answers to Motorola's discovery requests concerning the theft. *See,*

*e.g.,* Ex. 22 at 9 (2019-01-15 Hytera's Third Supplemental Response to Motorola's First Set of

Interrogatories (9)) (stating that Hytera has requested more information from Mr. Chia and Mr.

Kok, through their personal criminal counsel, who allegedly has not yet responded.). Hytera also

since (allegedly) ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ Ex. 23

(HYT1973-07445200) at 2; Ex. 24 (HYT1973-07445188); *see also* Ex. 25 (HYT1973-07445169).

And Hytera has also claimed in the underlying action ████████████████████████████

█████████████████████████████████████████████████████████████████████████

▉ limiting Motorola's ability to fully explore traditional discovery avenues for these individuals.  Ex. 26 (Declaration of Junping Luo).  Moreover, in addition to the concerns above, Motorola has legitimate and confirmed concerns regarding Hytera's discovery efforts in the underlying case, as evidenced by the ITC finding that Hytera impermissibly withheld documents relevant to Motorola's claims in violating the ALJ discovery order.[5]  Ex. 21 (ITC Public ID FN. 77.).  A deposition of Marcus is necessary to fully explore these issues and proportionate to the needs of the case.

## V. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order Marcus to produce its founder, owner and CTO, Mr. Bruce Marcus, for a corporate deposition on a single topic as described above at a time and location convenient to Mr. Marcus by no later than May 20, 2019, the close of fact discovery in the underlying case.

---

[5]    The parties to the Trade Secret Case agreed on a discovery cross-use of material such that material produced in the ITC Proceedings may be used in the Trade Secret Case.

DATED:  April 11, 2019                              Respectfully submitted,

                                                    /s/  Shaun Paisley
                                                    Shaun Paisley
                                                    Federal Bar No.: ct30638
                                                    157 Church Street, 19th Floor
                                                    New Haven, CT 06510
                                                    Phone: (203) 821-7172
                                                    Fax: (203) 738-1078
                                                    Email: shaun@paisleylawoffice.com

                                                    Brandon H. Brown (*pro hac vice* forthcoming)
                                                    brandon.brown@kirkland.com
                                                    KIRKLAND & ELLIS LLP
                                                    555 California Street
                                                    San Francisco, CA 94104
                                                    Telephone: (415) 439-1400
                                                    Facsimile: (415) 439-1500

                                                    Amir Freund (*pro hac vice* forthcoming)
                                                    amir.freund@kirkland.com
                                                    KIRKLAND & ELLIS LLP
                                                    3333 Hillview Avenue
                                                    Palo Alto, CA 94304
                                                    Telephone: (650) 859-7000
                                                    Facsimile: (650) 859-7500

                                                    *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2019, a true and correct copy of the

foregoing:

**MOTOROLA SOLUTIONS, INC. AND MOTOROLA SOLUTIONS MALAYSIA SDN.
BHD.'S MOTION TO COMPEL DISCOVERY FROM THIRD PARTY MARCUS
COMMUNICATIONS LLC AND MEMORANDUM OF LAW IN SUPPORT**

was served as follows:

☒ **[E-Mail]** By causing the above documents to be sent via electronic mail to the
parties at the email addresses listed below. I am aware that service is presumed invalid if the
email transmission is returned as undeliverable.

James R. Nuttall
Robert F. Kappers
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
(312) 577-1300

*Attorneys for Marcus*

Boyd Cloern
bcloern@steptoe.com
Michael Allan
mallan@steptoe.com
Jessica I. Rothschild
jrothschild@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Hytera Defendants*

Daniel Stringfield
dstringfield@steptoe.com
STEPTOE & JOHNSON LLP
115 S. LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Mark McDougall
mmcdougall@calfee.com
Joshua Ryland
jryland@calfee.com
Todd Tucker
ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*Attorneys for Hytera Defendants*

DATED: April 11, 2019

*/s/ Shaun Paisley*
Shaun Paisley